OPINION OF THE COURT
Richard D. Griffiths, J.
Village of Red Hook, Village Court recognizes that Local *1071 Laws, 1990, No. 1 (see Appendix) to prohibit the use of skateboards was passed by the Village Board of Trustees. A matter of People v Smith is before the court on an alleged violation of the said Local Laws, 1990, No. 1, and a motion has been duly filed in this matter, moving that the matter be dismissed, on grounds that the Local Law is unconstitutional, since it violates the defendant’s right to due process under the Constitution. Under the case of People v Smith (44 NY2d 613 [1978]) the Court of Appeals held that a criminal statute must be sufficiently defined to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and explicit standards must provide for those who apply them to avoid having been resolved by arbitrary or discriminatory application. (See, 20 NY Jur 2d, Constitutional Law, §§ 393-400.) The constitutional law sets forth the obligatory duties of the courts, including those duties of the lower and inferior courts, and does not limit these courts against constitutional questions of the Legislature, and such courts should not evade the responsibility to the appellant tribunals (20 NY Jur 2d, Constitutional Law, §§ 42-44). Although the fundamental rule is that there is a presumption in favor of the constitutionality of a legislative enactment, and shall apply to all law-making bodies (20 NY Jur 2d, Constitutional Law, §§ 59-61), the constitutional law further requires that judicial duty is to consider the spirit and not the letter of the legislation, and will conserve the statutory spirit and intent. (20 NY Jur 2d, Constitutional Law, §§ 65-67.) A presumption of good faith should extend in favor of the law-making body.
In the matter of Local Laws, 1990, No. 1 of the Village of Red Hook, there needs to be a clear showing that the Local Law is defective from a constitutional viewpoint and the motion challenging the legislation must show it to be manifestly, undoubtedly, clearly, plainly, substantially and convincingly inconsistent with constitutional standards (20 NY Jur 2d, Constitutional Law, §§ 79-80), and establishment of such must be beyond a reasonable doubt. One part of an act does not invalidate the entire act, and fundamentally a statute may be constitutional on one part and could be severed from another part to be unconstitutionally struck out.
US Constitution Fifth Amendment declares that no person shall "be deprived of life, liberty, or property, without due process of law” (emphasis added); Fourteenth Amendment, § 1 declares that no State shall "deprive any person of life, liberty, or property, without due process of law” (emphasis added). *1072 Likewise, New York Constitution, article I, § 6 states "no person shall be deprived of life, liberty or property without due process” (emphasis added). Such declarations must meet stringent tests to be unconstitutional and even favor the intent of enforcement of the penal statute, with all the flexibilities.
In Local Laws, 1990, No. 1 before the court, the first paragraph refers to "No person” and the second paragraph refers to "parent of the child”. The law further states that "a parent of the child * * * shall come to the Village”. Although the court believes that the spirit and intent of the statute was to have someone of parental or guardian authority request the return of the skateboard, the statute does not imply this. Likewise since most skateboards are used by children, parents may also use skateboards, but the statute does discriminate against children without parents, or is at least vague, ambiguous and arbitrary, which does not meet the test required of the Constitution.
In Local Laws, 1990, No. 1 the law provides that a fine will be assessed for every time a ticket is issued. Certainly, this cannot stand, as fines must be based on convictions and not on the number of arrests. Such assessment of fines would be totally illegal as well as unconstitutional, without the due process to ascertain and sustain conviction required in the assessment of fines.
In Local Laws, 1990* No. 1 the confiscation or taking of any property without provision of a hearing is illegal (illegal taking of property). The basic principle here that no government body may confiscate a citizen’s property (or alien’s property duly residing in this country) without due process of law, is clearly proclaimed in US Constitution Fourteenth Amendment, and New York Constitution article I. Variations to these constitutional guarantees are only where it is permissible to seize property where it is the object or instrumentality alleged to have been used in some sort of criminal activity (drugs or contraband). The skateboard, here, does not seem to fit as the instrument or evidence in criminal activity, since it may be returned, after a period of time, and upon request with a warning. Evidence of such confiscation does not appear to be what the legislative body had in mind and is clearly in violation of the constitutional guidelines.
Local Laws, 1990, No. 1 provides that the fine shall be doubled upon the repetitious issuing of a ticket. It is the exclusive responsibility of the court to impose sentences and *1073 levy fines, only after a plea or conviction by trial. There can be no fine levied on the mere issuance of a ticket and such action is against the constitutional right of due process.
The court finds that Local Laws, 1990, No. 1 is unconstitutional for reasons herein stated.
APPENDIX
"No person shall ride, propel, or operate a skateboard, as defined, on any street, highway, sidewalk, public path or public parking lot within the limits of the Village of Red Hook.
"If caught operating a skateboard within the Village of Red Hook limits the Village of Red Hook Police Department will confiscate the skateboard for 30 days, at which time the parent of the child from whom the skateboard was confiscated shall come to the Village of Red Hook Police Office at 24 South Broadway and claim the skateboard with a warning given.
"The second offense will be a ticket issued for a $25.00 fine given for illegal skateboarding, again with a warning issued.
"As many times as a skateboarder is issued a ticket for illegal skateboarding the fine will double.
"The definition of a skateboard as used in this Local Law No. 1 of 1990 shall have the following meanings indicated:
"Skateboard — A board of wood, plastic, fiberglass or similar material with roller-skate or other type wheels attached and used for gliding or moving on any hard surfaces.”